Case 3:24-cv-00063-NKM-JCH   Document 39   Filed 12/02/25   Page 1 of 8
Pageid#: 1559

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

December 02, 2025

Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES J. CONDON,<br><br>                      *Plaintiff*,<br>v.<br><br>ASSOCIATED UNIVERSITIES INC.,<br><br>                      *Defendant.* | CASE NO. 3:24-CV-00063<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      Defendant Associated Universities Inc. (hereinafter, "AUI") moves to dismiss Plaintiff Condon's amended complaint for failure to state a claim. Dkt. 26. Condon originally brought this suit alleging AUI retaliated against him for raising concerns about racially discriminatory hiring practice in violation of Title VII. 42 U.S.C. § 2000e *et seq.*; Dkt. 1 ¶¶ 40-46. The Court previously granted AUI's motion for judgment on the pleadings, finding that Condon had not sufficiently alleged an employer-employee relationship and granting him leave to amend. Dkt. 18 at 10. Condon timely filed an amended complaint, which AUI now moves to dismiss. Dkt. 21. Because the Court finds, as a former employee, Condon received Title VII protections, the Court will deny AUI's motion. Dkt. 26.

## LEGAL STANDARD

      To survive a motion to dismiss under 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When deciding a motion to dismiss, a court must accept the factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). However, a court need not "accept

the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments*." Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted).

Although a complaint "does not need detailed factual allegations" to survive a 12(b)(6) motion, a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rule 12(b)(6) does not require "heightened fact pleading;" however, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (providing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").

## BACKGROUND

The facts alleged in Condon's amended complaint are accepted as true for the purposes of a motion to dismiss. Dkt. 22; *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

AUI employed Condon as an astronomer "from 1979 until he retired in March 2021." Dkt. 22 ¶ 1.[1] After Condon retired, he alleges the AUI Board of Trustees granted him an "Astronomer Emeritus" title, which only the Board could revoke. *Id*. ¶ 3. When AUI granted Condon this title, he did "not have any specific obligations to the Observatory." *Id.* AUI, however, did require him to "complete successfully all mandatory annual trainings, and follow general workplace requirements" as Astronomer Emeritus. *Id.*

Condon did not receive a salary as Astronomer Emeritus; however, AUI provided him with "office space," a "company email," and his "own computer with full information technology (IT) support" as benefits in accordance with his Astronomer Emeritus title. Dkt. 22 ¶

---

[1] AUI operates the National Radio Astronomy Observatory (NRAO) which is "funded primarily by the National Science Foundation." Dkt. 22 ¶ 1

2

5. Condon also alleges AUI provided limited financial benefits, namely, "funding" for his research and travel as well as "payment" of his "publication charges." *Id.* He alleges these "valuable benefits" constituted "compensation" and made his position "akin to that of an employee under the law." *Id.*[2]

Condon alleges he had a "substantial amount of discretion and control" over the funding provided to him by AUI. Dkt. 22 ¶ 15. Indeed, Condon alleges that AUI allowed him to "transfer some of his travel funding" to "design and build a 300MHz feed and receiver system for [his] research using the NRAO's Green Bank Telescope." *Id.* ¶ 15. Condon does not allege specific amounts that he received as funding or that AUI transferred in support of this project.

Condon alleges working as Astronomer Emeritus for over a year with no issues. However, on September 14, 2022, Condon sent the following email to the scistaff@nrao.edu listserv, which contained both NRAO employees and third parties:

> Unfortunately, most of NRAO's DEI programs have used 'broaden participation' to justify illegal and unethical discrimination by race, sex, and sexual orientation/identity … I am appalled by the NRAO's expanding and increasingly blatant discriminatory DEI policies, and I am further concerned they will be embedded in the new scientific staff manual. I wrote a detailed memo describing and documenting the history of institutional discrimination at the NRAO and can provide a copy on request. Beware, however, that questioning official discrimination at the NRAO may lead to career-ending retaliation.

*Id.* ¶ 29; Dkt. 27 at 3.

In a Board of Trustees meeting about a week later, AUI "terminated [Condon's] Astronomer Emeritus appointment," which he learned of on November 4, 2022 via letter. Dkt. 22 ¶¶ 6, 19. Condon alleges this "termination" was "effectuated immediately" "without any stated

---

[2] Condon further states that AUI "treated [him] as an employee in countless other regards," such as "inviting him to social events with other employees." *Id.* ¶ 16. He alleges that, as Astronomer Emeritus, he "received all the benefits of an employee-employer relationship" including the "prestige and distinction of [being] associated" with AUI. *Id.* ¶ 17.

3

justification or cause," and that the decision "stripped him of all his rights . . . without any due process." *Id.* ¶¶ 19, 36.

Condon alleges his beliefs about AUI's hiring practices were "held in good faith;" that his email "was never abusive towards anyone;" and that his "professional, reasonable intellectual disagreements with a policy" were protected activity under Title VII. Dkt. 22 ¶ 20, 30. AUI moves to dismiss, arguing Condon was not protected by Title VII as an Astronomer Emeritus.

## ARGUMENT

### A. Condon is Protected by Title VII as a Former Employee of AUI

Condon brings a Title VII retaliation claim against AUI stemming from the removal of his Astronomer Emeritus title. Dkt. 22 ¶¶ 40-47. The antiretaliation provision of Title VII states, in part, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any . . . unlawful employment practice." 42 U.S.C. § 2000e-3(a). Thus, in order to state a retaliation claim, a plaintiff must pass a threshold question—whether they allege sufficient facts to establish they are an employee.

Supreme Court precedent expressly establishes that "former employees are included within § 704(a)'s coverage," meaning that former employees may bring retaliation claims against their former employers. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1996). AUI argues that *Robinson* protects former employees only "to the extent necessary to protect against retaliation for opposition conduct related to their prior employment." Dkt. 29 at 5. Not so. The Supreme Court explicitly stated that the antiretaliation provision's "primary purpose" is "[m]aintaining unfettered access to statutory remedial mechanisms" and imposed no factual limitations on its holding in *Robinson.* 519 U.S. at 346; *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Further, lower courts apply *Robinson* consistently without limiting its holding to the

4

factual context under which it arose. *See e.g.*, *Hartsell v. Duplex Prods. Inc.*, 123 F.3d 766, 774-75 (4th Cir. 1997); *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1229 (4th Cir. 1998); *Gibson v. Old Town Trolley Tours of Washington D.C.*, 160 F.3d 177, 180 (4th Cir. 1998). As such, the Court refuses limit *Robinson*'s holding in this case.

Condon alleges that he worked for AUI from 1979 to 2021 until he retired and received Astronomer Emeritus status. Dkt. 22 ¶ 1. Indeed, the parties do not dispute that he is a former AUI employee. Since Title VII protections apply broadly to former employees, it follows that Title VII protections apply to Condon as a former employee of AUI.[3]

### B. Condon Alleges Sufficient Facts to State a Retaliation Claim

As Title VII protects Condon as a former AUI employee, the Court turns next to AUI's argument that Condon failed to allege sufficient facts to state a retaliation claim. Dkt. 27 at 2 n.1. To state a retaliation claim, a plaintiff must allege: "(i) that [they] engaged in protected activity; (ii) that [an employer] took adverse action against [them]; and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015).

Therefore, Condon must first allege sufficient facts demonstrating he engaged in "protected activity"—meaning he either "participat[ed] is an ongoing investigation or proceeding under Title VII" or "oppos[ed] discriminatory practices in the workplace." *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Opposition activity includes

---

[3] AUI spends much of its briefing arguing that, under *Haavistola v. Community Fire Company*, Condon should not be considered an employee while serving as an Astronomer Emeritus. 6 F.3d 211, 221-22 (4th Cir. 1993). *Haavistola* arises under the distinct factual circumstance of volunteer firefighters, and indeed, is most often applied in that narrow context. Condon spent over forty years of his career at AUI—factually distinguishing this case from *Haavistola*, where the plaintiffs had never been employed by the volunteer fire department. Indeed, even though Condon's benefits would not likely be considered "indirect but significant remuneration" under *Haavistola's* test, the Court finds that this argument need not be further addressed as Condon receives Title VII protections as a former employee. 6 F.3d at 221-22.

5

"voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Id.* Courts apply a balancing test when determining if opposition activity falls into Title VII's purview, considering both "the purpose of [Title VII] to protect persons engaging reasonably in activities opposing . . . discrimination, against Congress' equally manifest desire not to tie the hands of employers in the objective selection and control of personnel." *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir.1981).

Condon does not allege participating in a relevant Title VII investigation or proceeding. He does, however, allege "voicing [his] opinion" about AUI's allegedly discriminatory hiring practices. Dkt. 22 ¶ 29; *Laughlin*, 149 F.3d at 259. Condon's September 14, 2022 email raised concerns that "most of NRAO's DEI programs . . . justify illegal and unethical discrimination by race, sex, and sexual orientation/identity," and further stated he was "appalled by the NRAO's expanding and increasingly blatant discriminatory DEI policies." *Id.* These statements "bring attention to" AUI's allegedly discriminatory conduct; thus, Condon engaged in protected activity when sending the September 14 email. *See Laughlin*, 149 F.3d at 259.

Next, Condon must also allege facts sufficient to establish "adverse action," meaning a "reasonable worker" would feel disincentivized to "mak[e] or support[] a charge of discrimination" if their supervisor responded as AUI did. *Burlington*, 548 U.S. at 68 (2006). Condon's Astronomer Emeritus position conferred several benefits upon him associated with his title. Dkt. 22 ¶ 5. By terminating Condon without any process or ability for him to respond, AUI acted in a manner that would discourage a "reasonable worker" from raising similar concerns. *Burlington*, 548 U.S. at 68; Dkt. 22 ¶¶ 6, 19, 36. Thus, AUI engaged in adverse action by removing Condon's Astronomer Emeritus title and associated benefits.

Finally, Condon must allege facts sufficient to establish causation. A plaintiff may allege

6

causation through either "showing that the adverse act bears sufficient temporal proximity to the protected activity," or by alleging "facts that suggest the adverse action occurred because of the protected activity." *See Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021). Although no bright line exists, a plaintiff generally alleges facts sufficient to establish causation if less than two months pass between protected activity and adverse action. *Wormuth*, 54 F.4th at 219 (gap of two months insufficient to allege causation); *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (same). A plaintiff also pleads facts sufficient to establish causation if they allege "evidence of retaliatory animus during the intervening period." *Lettieri v. Equant, Inc.*, 478 F.3d 640, 650 (4th Cir. 2007).

As discussed above, Condon engaged in protected activity on September 14, 2022 when he sent an email raising concerns about AUI's allegedly discriminatory hiring policies. Dkt. 22 ¶ 29. AUI's Board of Trustees terminated his Astronomer Emeritus position "on September 22-23, 2022" "at its first opportunity after Dr. Condon engaged in protected activity." *Id.* ¶ 6. This temporal proximity is well within the two-month standard. *Wormuth*, 54 F.4th at 219; *Rumsfeld*, 328 F.3d at 151 n.5. Thus, Condon has alleged sufficient facts to establish causation through temporal proximity.

Because Condon has alleged sufficient facts to establish that he engaged in protected activity; that AUI took adverse employment action; and that the two events are causally linked; he has alleged sufficient facts to state a retaliation claim as a former employee under Title VII.

## CONCLUSION

For the above reasons, the Court will deny AUI's motion to dismiss in an accompanying order. Dkt. 26. The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered this the 2nd of December, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE